| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 C 10958 |
| | ) | |
| v. | ) | District Judge: Sharon Johnson Coleman |
| | ) | Magistrate Judge: Sidney I. Schenkier |
| UNITED STATES CITIZENSHIP | ) | |
| AND IMMIGRATION SERVICES, | ) | |
| and | ) | |
| | ) | |
| LEON RODRIGUEZ, in his official | ) | |
| capacity as Director of United States | ) | |
| Citizenship and Immigration Services, | ) | |
| and | ) | |
| | ) | |
| NICHOLAS COLUCCI, in his official | ) | |
| capacity as Chief of the Immigrant Investor | ) | |
| Program Office, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, identified as Jane Doe ("plaintiff" or "Ms. Doe"), seeks to obtain lawful permanent residency in the United States through the "Employment-Based Immigration: Fifth Preference" ("EB-5") category. 8 U.S.C. § 1153(b) (5); 8 C.F.R. § 204.6. Defendant United States Citizenship and Immigration Services ("USCIS") denied plaintiff's application, and she subsequently filed this lawsuit in the district court contending that the USCIS's decision should be overturned because it was arbitrary and capricious (doc. # 1: Complaint). [1] In anticipation of the parties filing motions for summary judgment on that issue, plaintiff also filed a motion to

---

[1] Because plaintiff names USCIS director Leon Rodriguez and Immigrant Investor Program Office Chief Nicholas Colucci only in their official capacities as additional defendants, our use of the term "defendant" encompasses all three.

supplement the administrative record with documents that plaintiff contends will shed light on the propriety of defendants' denial of her application for permanent residency (doc. # 22: Motion for Discovery in Order to Supplement the Administrative Record). Because we find that plaintiff has failed to overcome the strong presumption against allowing discovery in cases seeking review of an administrative agency decision, we deny plaintiff's motion.

## I.

We set forth only those facts necessary to our determination of the motion, assuming solely for this motion the truth of the well-pled allegations of the complaint. *White v. Keely,* 814 F.3d 883, 887-88 (7th Cir. 2016). Plaintiff is an Iranian citizen who wishes to become a lawful permanent resident of the United States through an "Immigrant Investor Program" available through the EB-5 visa program (Compl. ¶ 6). Congress created the EB-5 program to stimulate the U.S. economy and promote job growth through investments in American companies and projects by foreign investors (https://www.uscis.gov/eb-5, visited on June 10, 2016). To secure an EB-5 visa, an applicant must invest a certain amount of his or her own capital in a "new commercial enterprise" that will either create or preserve at least ten full time jobs for U.S. citizens. *Id.* [2]

The plaintiff invested $500,000.00 in a company called Elgin Assisted Living EB-5 Fund, LLC ("EALEF"), whose purpose was to "pool investments from potential EB-5 investors to provide an investment load to Elgin Memory Care," an entity that would develop and build an assisted living and memory care facility in Elgin, Illinois (Compl. ¶¶ 29, 30). The money was placed into an escrow account, and on August 12, 2013, plaintiff submitted to USCIS a Form I-526 Immigrant Petition by Alien Entrepreneur ("I-526 Petition") (*Id.* ¶¶ 6, 39). On March 11,

---

[2]The general investment requirement for an EB-5 visa is $1,000,000.00; that amount is reduced to $500,000.00 for investments made to "targeted employment areas" where there is high unemployment.

2015, USCIS issued plaintiff a written "Notice of Intent to Deny" ("NOID") her application, requesting clarification and additional evidence about her I-526 Petition (*Id.* ¶¶ 43, 49).

On April 13, 2015, plaintiff responded to the request and submitted several hundred pages of additional documents. On August 26, 2015, USCIS issued an eleven-page written decision denying plaintiff's petition for lawful permanent residency pursuant to the Immigrant Investor Program (the "Decision") (Compl. ¶¶ 50, 59, 61, Ex. 2). On December 7, 2015, plaintiff filed this suit alleging that the USCIS acted in an arbitrary and capricious manner when denying her I-526 Petition. On May 12, 2016, she filed the instant motion, asking that defendants supplement the administrative record.

## II.

The certified record comprises 1,312 pages and contains all of the documents plaintiff submitted in support of her I-526 Petition, the USCIS's NOID, plaintiff's supplemental response, the USCIS's ultimate decision denying plaintiff's petition, and a number of other documents the USCIS obtained or issued during its consideration and adjudication of other applicants' I-526 petitions based on the same investment in Elgin Assisted Living EB-5 Fund, LLC. In her motion, plaintiff seeks to compel defendant to supplement the record with twelve separate categories of documents.[3] Plaintiff argues that these materials will show that defendants erred in denying her I-526 Petition.

---

[3]These categories are: (1) various worksheets regarding review of plaintiff's I-526 Petition; (2) pre-decision communications regarding plaintiff's I-526 Petition; (3) evidence in support of defendants' allegations that the real estate transaction to build Elgin Memory Care was illegitimate; (4) communications between USCIS and the various real estate entities involved in the building of Elgin Memory Care; (5) policy communications regarding Iranian nationals' use of the EB-5 program; (6) policy communications regarding job creation under the EB-5 program; (7) policy communications regarding indirect jobs created through permit fees and expenses; (8) policy communications regarding the concept of "material change" as it relates to the analysis performed by USCIS employees; (9) policy communications regarding delay in progress of a job-creating entity; (10) policy communications regarding USCIS's use of the "preponderance of the evidence" standard; (11) training materials relied on by USCIS in adjudicating plaintiff's I-526 petition; and (12) any other policy communications relied on by USCIS in adjudicating plaintiff's I-526 petition.

Plaintiff's motion is in substance a request for discovery. As such, plaintiff's motion runs headlong into controlling precedent holding that discovery is rarely appropriate in a judicial review of an administrative agency decision. *U.S.A. Group Loan Services, Inc. v. Riley*, 82 F.3d 708, 715 (7th Cir. 1996). This rule reflects the judgment that in cases seeking to overturn an administrative decision, "the focal point . . . should be the administrative record already in existence." *Camp v. Pitts,* 411 U.S. 138, 142 (1973). Notably, it is the agency itself that determines what materials constitute the entire administrative record, because the agency is in the best position to indicate which materials it considered, directly or indirectly, when making its determination. *Great American Ins. Co.,* 2013 WL 4506929 at *4; *citing Pacific Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps. of Eng'rs*, 448 F.Supp.2d 1, 5 (D.D.C. 2006). There is a strong "presumption of regularity" that the agency has included in the administrative record "all documents and materials directly or indirectly considered" in making the determination challenged by the plaintiff. *Great American Ins. Co. v. U.S.,* 12 C 9718, 2013 WL 4506929 at *4 (N.D. Ill. August 23, 2013), *citing Miami Nation of Indians of Indiana v. Babbitt,* 979 F.Supp. 771, 777 (N.D. Ind. 1996).

Given this strong presumption against extra-record discovery, a court will order additional materials to be produced only when (1) the record is incomplete, or (2) there is strong evidence of agency bad faith. *Citizens for Appropriate Rural Roads v. Foxx,* 815 F.3d 1068, 1081 (7th Cir. 2016). An administrative record has been described as incomplete when "the agency has relied on documents or materials not included in the record." *Animal Defense Council v. Hodel,* 840 F.2d 1432, 1437 (9th Cir. 1989). In either situation, the plaintiff must make a "strong showing" that the exception applies. *Id.; Great American Ins. Co.,* 2013 WL 4506929 at *4, *citing Amfac. Resorts, LLC v. U.S. Dept. of the Interior,* 143 F. Supp. 2d 7, 12

(D.D.C. 2001). Plaintiff argues that both exceptions apply here. We address each argument in turn.

<strong>A.</strong>

Plaintiff first argues that the record is incomplete because defendant considered – but did not include – documents outside the administrative record when adjudicating her I-526 Petition (doc. # 27: Pl. Reply Mem. at 4). To establish that claim, plaintiff must identify "reasonable, non-speculative grounds for its belief" that the agency considered extra-record documents in its decision making process. *Great American Ins. Co.,* 2013 WL 4506929 at \*5, *citing Styrene Info. and Research Ctr., Inc., v. Sebelius,* 851 F.Supp.2d 57, 63 (D.D.C. 2012). Plaintiff here fails to satisfy this burden.

Plaintiff identifies two categories of records she claims defendant used and wrongly excluded from the administrative record: (1) "internal and external guidance, policy, training materials, and communications regarding EB-5 application adjudications," which she seeks to support her merits argument that the USCIS has acted in excess of its scope of statutory authority (Reply at 4); and (2) certain worksheets that she "is aware" USCIS typically creates and uses in connection with its review of I-526 petitions, the absence of which in the administrative record demonstrates that the agency relied on items that it did not disclose to her (*Id.* at 6). After the briefing on this motion, defendants supplemented the record with a form I-526 Adjudication Worksheet (doc. # 32-1: Amended Administrative Record, at 1313-14). Thus, plaintiff's request for worksheets is moot.

As for the rest of the information plaintiff seeks, at the threshold, we note that defendant has submitted a declaration from Julia Harrison, Deputy Chief of the Immigrant Investor Program Office for the USCIS, certifying that the administrative record in this case constitutes

the entire body of materials that the USCIS considered in evaluating Ms. Doe's Petition (doc. # 25: Def.'s Response, Exh. A). Therefore, to show her entitlement to discovery, plaintiff must overcome the presumption of regularity that the agency properly designated the administrative record with respect to each of the two categories of documents. *Great American Ins. Co.*, 2013 WL 4506929 at *4.

Plaintiff has offered no evidence that defendants considered any internal or external policies, guidance documents or training materials when adjudicating her petition. Instead, she argues that because, in her view, the Decision is internally inconsistent, it is "clear on the face of the Decision" that the USCIS did not consider all the evidence she provided and that the "Decision language demonstrates that it is based on evidence or information not part of the Record" (Pl. Mem. in Support, at 4-5). In our judgment, these arguments are simply a repackaging of her merits argument that the Decision was arbitrary and capricious. Plaintiff does not explain how these arguments demonstrate that defendants considered policies or training materials when deciding her application.

Despite offering no evidence that defendants actually considered policy documents outside the certified record, plaintiff contends she may nevertheless seek internal and external policy and training materials that were not included in the certified record because defendants' decision denying her I-526 Petition does not contain an "explanation of the actual bases" defendants used to make their determination, but only contains conclusory statements (Pl. Reply at 4). Plaintiff contends that the policy materials she seeks "may demonstrate USCIS's rationale in the Decision, and what policies and factual conclusions they acted upon when denying Plaintiff's Form I-526" (*Id.* at 4-5). That is, she contends the record is so incomplete that external discovery is allowed because it "provides the only possibility for effective judicial review and

6

[when] there have been no contemporaneous administrative findings." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99 (1977), *cited in U.S.A. Group Loan Services, Inc.,* 82 F.3d at 715.[4] We disagree.

*First,* there are in fact contemporaneous administrative findings, namely, the NOID and the Decision, both of which will be used by the district court to determine the merits of the case. Plaintiff's speculation that external policy materials "may" provide additional information about defendants' thought processes does not demonstrate that judicial review is impossible (or even unreasonably difficult) using the current administrative record.

*Second,* the record here is far from barren. Although plaintiff contends that the Decision does not properly describe the bases for the defendants' decision, she also recognizes that defendants provided not one, but two written decisions about her I-526 Petition – the NOID and the Decision. Furthermore, plaintiff submitted nearly 800 pages of documents in response to the NOID, documents she argues addressed defendants' concerns and proved defendants' analysis of her application was wrong (Pl. Mem. at 4). This suggests that plaintiff herself understood the bases for defendants' decision, even if she disagreed with it.[5] We do not find that the current administrative record is "so bare as to frustrate effective judicial review," thus making extra-record discovery appropriate. *Cmty. for Creative Non-Violence v. Lujan,* 908 F.2d 992, 998

---

[4] We note that in *U.S.A. Group Loan Services, Inc.,* the court found that the underlying record was in fact lacking certain information because the nature of the administrative proceedings (negotiated rulemaking) did not result in a comprehensive administrative record; nonetheless, it denied the plaintiff's request for additional discovery because it found lacking the plaintiffs' justification for additional information.

[5] Defendants also note that documents showing an agency's underlying deliberative process are generally not included in the administrative record for judicial review. *See, San Luis Obispo Mothers for Peace v. NRC,* 789 F.2d 26, 44-45 (D.C.Cir. 1986). Plaintiff argues that the documents she seeks are not "an inquiry into Defendants' mental processes" (Pl. Reply at 5-6), but that she is looking for underlying documents of an "actual explanation" of defendants' reasoning (Pl. Reply at 6). We fail to see a distinction, and agree that guidance and policy documents are not properly discoverable here.

7

(D.C. Cir. 1990). Moreover, if a reviewing court is unable to evaluate USCIS's actions based on the record before it, the proper procedure would be to remand the case to the agency for additional investigation or explanation. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985).

## B.

Next, plaintiff argues that if the certified record does in fact contain every document that USCIS considered in making its decision, then, the second exception to the presumption against extra-record discovery applies: she is entitled to additional discovery because defendants "acted improperly or in bad faith in issuing the Decision without justification" (Reply at 7). As explained above, a party seeking extra-record discovery must make a "significant showing" of bad faith by the decision maker. *Citizens for Appropriate Rural Roads*, 815 F.3d at 1081. Bad faith requires a strong showing of evidence suggesting improprieties; "mere assertions" will not suffice. *Columbus Reg'l Hosp. v. FEMA*, No. 1:10-cv-1168, 2011 WL 3476576 at \*3 (S.D.Ind. Aug. 9, 2011). And, while courts have been reluctant to specifically define what constitutes bad faith, *Great American Ins. Co.* at \*5, *internal citations omitted*, in this case, plaintiff fails to offer any evidence suggestive of bad faith.

Plaintiff suggests that defendants acted in bad faith by failing to include in the administrative record all of the documents that were considered indirectly in the adjudication of her Petition, such as "USCIS training materials or EB-5 precedent case copies," and that the Harrison declaration should be given little weight because the Deputy Chief did not attest that she was personally involved in the adjudication of plaintiff's case (Reply at 7-8). These arguments are simply a rehashing of plaintiff's previous contentions that defendants considered documents outside the administrative record, which we already have rejected.

At bottom, plaintiff's argument that defendants showed bad faith in adjudicating her I-526 Petition is really a dispute with defendants' ultimate decision to deny her application. She contends that the documents she submitted in support of her Petition and, in response to the NOID, contained ample evidence to support her case, and that defendants wrongly failed to provide a detailed basis for their decision (Reply at 9). Therefore, says plaintiff, defendants acted arbitrarily and capriciously in rejecting her I-526 Petition without sufficient reason. But mere disagreement with an agency's conclusions does not demonstrate that the decision was made in bad faith. *Great American Ins. Co.,* 2013 WL 4506929 at *7. Plaintiff's disagreement with the USCIS's decision to reject her I-526 Petition is an issue to be addressed on summary judgment before the district judge. Plaintiff has adduced no evidence of bad faith warranting discovery.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for discovery (doc. # 22) is denied.

ENTER:

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

DATE: June 29, 2016

9